Filed 10/22/21  Nationstar Mortgage v. Abalkhad CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| NATIONSTAR MORTGAGE LLC et al., <br><br> Cross-complainants and Respondents, <br><br> v. <br><br> RAMIL ABALKHAD, <br><br> Cross-defendant and Appellant. | B303946 <br><br> (Los Angeles County Super. Ct. No. LC104455) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Virginia Keeny, Judge.  Affirmed.

Law Office of Richard L. Antognini and Richard L. Antognini for Cross-defendant and Appellant.

Troutman Pepper Hamilton Sanders and Jared D. Bissell for Cross-complainants and Respondents.

———————————————

Cross-defendant Ramil Abalkhad appeals from a judgment entered in favor of cross-complainants—a loan servicer and a trust that alleged it owned Abalkhad's mortgage loan—in this cross-action for judicial foreclosure. Abalkhad contends (1) cross-complainants did not have standing to bring this judicial foreclosure action because they did not establish the trust owned the loan, and (2) the loan servicer is not entitled to recover attorney fees in enforcing the promissory note on the mortgage loan and the deed of trust securing the loan. We reject Abalkhad's contentions, and affirm the judgment.

## BACKGROUND

In March 2007, Abalkhad borrowed $2,000,000 from Countrywide Bank, FSB, as memorialized in an Interest Only Adjustable Rate Note (the Note) and secured by a Deed of Trust recorded against a residential property located in Calabasas. He fell behind on his mortgage payments, and in 2012, he obtained a loan modification. At the time his May 2012 monthly mortgage payment was due, he stopped paying on the loan.[1] He sought another loan modification, but he was unsuccessful.

In July 2016, Abalkhad filed a complaint in this action against, among others, Nationstar Mortgage LLC (Nationstar), the servicer of his loan, and Deutsche Bank National Trust Company as Trustee for Holders of the BCAP LLC Trust 2007-AA3, a party he alleged had "purportedly" received an interest in the Deed of Trust by assignment. He asserted causes of action against the defendants for violations of the Homeowners Bill of Rights (Civ. Code, §§ 2920.5 et sq.), negligence, and violations of

---

[1] At the time of the trial in this action in November 2018, Abalkhad owed mortgage payments from May 2012 forward, a fact he did not dispute.

the Unfair Competition Law (Bus. & Prof. Code, § 17200). By his action, he sought, among other things, to prevent the defendants from foreclosing on his residential property.

Nationstar filed a cross-complaint against Abalkhad, asserting several causes of action including judicial foreclosure, the only cause of action at issue here. The other cross-complainant, who asserted the same causes of action against Abalkhad, is named in the cross-complaint as Deutsche Bank National Trust Company, as Trustee for BCAP Trust LLC 2007-AA3 Mortgage Pass-Through Certificates Series 2007-AA3, and is alleged in the operative second amended cross-complaint to have received an assignment of the Deed of Trust securing Abalkhad's loan.

Abalkhad and cross-complainants agreed the cross-complaint would be tried first, specifically the cause of action for judicial foreclosure. At the bench trial held in November 2018, Abalkhad argued cross-complainants did not have standing to bring the judicial foreclosure action. With respect to the trust, he argued the trust entity he named as a defendant in his complaint—Deutsche Bank National Trust Company as Trustee for Holders of the BCAP LLC Trust 2007-AA3—had standing to bring this cross-action for judicial foreclosure and had the authority to foreclose on the property; but, he argued the party named in the cross-complaint as a cross-complainant—Deutsche Bank National Trust Company, as Trustee for BCAP Trust LLC 2007-AA3 Mortgage Pass-Through Certificates Series 2007-AA3—did not have standing to bring this cross-action for judicial foreclosure because the entity did not exist and any assignment of the Deed of Trust to this party was outside the proper chain of title. Abalkhad did not dispute he was in default on his loan.

At trial, cross-complainants presented testimony from two witnesses: Simon Ward Brown, a Nationstar employee; and Alice Sorenson, cross-complainants' expert witnesses. Both witnesses were deemed by the trial court to be experts "in the field of mortgage origination, default servicing and securitization," with no objection by Abalkhad. After reviewing relevant documents, including various assignments and transfers of the Note and Deed of Trust, both witnesses testified that the trust entity named as a defendant in Abalkhad's complaint and the trust entity named as a cross-complainant in the cross-action for judicial foreclosure were one and the same trust, regardless of whether the long name or a short name was used to refer to the trust, and regardless of whether the letters LLC appeared before or after the word Trust in whichever name was used. The witnesses explained the trust was not a limited liability company, and the use of the letters LLC in the name was simply a naming convention. Both witnesses also testified the trust owned the loan, as indicated by the assignments and transfers of the Note and Deed of Trust, and the fact cross-complainants possessed and presented at trial the "wet" ink originals of the Note and Deed of Trust.[2] The witnesses further testified Nationstar, the loan servicer, had the authority and obligation to initiate foreclosure

---

[2] We need not set forth here the history of the assignments and transfers of the Note and Deed of Trust between the time Countrywide Bank, FSB originated Abalkhad's mortgage loan and the loan was deposited into the trust. That history is not germane to our resolution of the specific arguments Abalkhad raises on appeal in support of his contention cross-complainants did not have standing to bring this judicial foreclosure action. The arguments he raises on appeal are entirely different from the arguments he raised at trial, as explained below.

proceedings on behalf of the trustee of the trust under the Deed of Trust, the loan servicing agreement, and a limited power of attorney entered into between Nationstar and the trustee. Abalkhad did not call any witnesses at trial.

After the bench trial, the trial court issued a 15-page statement of decision, finding in favor of cross-complainants on their cause of action for judicial foreclosure. Cross-complainants filed a motion for attorney fees against Abalkhad, which he opposed (on grounds he does not raise on appeal). The trial court awarded cross-complainants $508,186.49 in attorney fees.

After resolving the remaining matters between these parties, in proceedings which are not germane to the issues on appeal, the trial court entered judgment in favor of cross-complainants and against Abalkhad.

## DISCUSSION

### I.     Cross-Complainants' Right to Judicial Foreclosure

On appeal, Abalkhad contends cross-complainants did not establish standing to bring this judicial foreclosure action because they did not prove the trust owned the loan on which Abalkhad was in default.

"A judicial foreclosure action arises out of a borrower's failure to repay his mortgage as promised." (*Arabia v. BAC Home Loans Servicing, L.P.* (2012) 208 Cal.App.4th 462, 481 (*Arabia*).) Under Code of Civil Procedure section 725a, "The beneficiary or trustee named in a deed of trust or mortgagee named in a mortgage with power of sale upon real property or any interest therein to secure a debt or other obligation, or if there be a successor or successors in interest of such beneficiary, trustee or mortgagee, then such successor or successors in interest, shall have the right to bring suit to foreclose the same in the manner

5

and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage upon such property." A beneficiary or trustee may "contract[] its right" to file suit for judicial foreclosure to a loan servicer. (*Arabia*, at pp. 469, 476-477.)[3]

Abalkhad did not dispute at trial, and he does not dispute on appeal, that he borrowed $2,000,000 from Countrywide Bank, FSB, memorialized in the Note and secured by the Deed of Trust recorded against the property in Calabasas; that he is in default on the loan; and that, at the time of trial, he was contractually due for his May 2012 monthly loan payment, meaning he had not made a payment on his loan in six and a half years (now nine and a half years). Cross-complainants possessed, and presented at trial, the "wet" ink original Note and Deed of Trust, and expert witness Sorenson testified possession of these wet ink originals indicates the trust owns the loan.

At trial, Abalkhad agreed Deutsche Bank National Trust Company (Deutsche Bank) as Trustee for the BCAP LLC Trust 2007-AA3—which Abalkhad referred to as BCAP 1 in his trial brief—had the right to bring this judicial foreclosure action. In his trial brief, Abalkhad asserted "the only entity that has the right to foreclose on the Subject Property is BCAP 1" because the December 19, 2012 assignment of interest in the Deed of Trust to BCAP 1 was "in the proper chain of title." He argued in his trial

---

[3] On appeal, Abalkhad only challenges the loan servicer Nationstar's right to bring this judicial foreclosure action based on his contention the beneficiary (the trust) and the trustee (Deutsche Bank National Trust Company) did not have standing to bring this judicial foreclosure action. He does not separately challenge on appeal Nationstar's right to bring this judicial foreclosure action.

brief, however, that the trust entity that actually brought this judicial foreclosure cross-action—Deutsche Bank as Trustee for BCAP Trust LLC 2007-AA3, Mortgage Pass-Through Certificates Series 2007-AA3, which he referred to as BCAP 2—did not have standing because the October 13, 2015 assignment of interest in the Deed of Trust to BCAP 2 (to correct a prior assignment to an unrelated entity made in error) was outside the chain of title because the interest had already been assigned to BCAP 1. Again, during trial, Abalkhad's counsel stated: "BCAP LLC Trust 2007-AA3 can foreclose. They can judicially foreclose. That's -- I want to make that clear." In entering judgment in favor of cross-complainants, the trial court agreed with the expert witnesses' testimony that there was only one BCAP trust, regardless of whether it used a long name or a short name or whether it placed the letters LLC before or after the word Trust in its long name or its short name. Abalkhad's assertion of two different entities, BCAP 1 and BCAP 2, was a fiction; they were one and the same entity. Abalkhad does not ask this court to review the trial court's determination that BCAP 1 and BCAP 2—so named by Abalkhad—were the same entity.

On appeal, Abalkhad makes entirely different arguments in support of his contention cross-complainants did not establish standing to bring this judicial foreclosure action. Although he mentions the different names used by the trust in his statement of facts in his appellate brief, he does not argue the judgment must be reversed because the wrong BCAP trust entity brought this action. Instead, he argues for the first time on appeal: (1) "the Abalkhad loan was not sold to the trust"[4] because a

_____

[4] Throughout the Argument section of his appellate brief, Abalkhad refers to "the trust," seeming to concede for purposes of

7

"complete" sale under the terms of the trust agreement required delivery to the custodian of the trust of the "original mortgage note, endorsed without recourse in blank by the last endorsee, including all endorsements showing a complete chain of endorsements from the originator to the last endorsee," and cross-complainants did not present at trial all such endorsements; and (2) cross-complainants "failed to prove a valid transfer of the Abalkhad loan from Countrywide Bank, FSB to Countrywide Home Loans, Inc." (which transfer occurred *prior* to the assignment that Abalkhad argued below gave BCAP Trust LLC 2007-AA3 the right to bring this judicial foreclosure action and the right to foreclose on the property).

Cross-complainants do not argue Abalkhad forfeited his new arguments by failing to raise them below. They argue, among other things, that as a matter of law, Abalkhad cannot defeat the judicial foreclosure action by challenging assignments of interest in the Deed of Trust to which he was not a party based on defects that might make the assignments *voidable* by the parties to the assignments, but would not render the assignments *void*.

In *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, a case Abalkhad cites that involved a borrower's wrongful foreclosure action against a lender after a nonjudicial foreclosure, our Supreme Court explained "a borrower can generally raise no objection to assignment of the note and deed of trust. A promissory note is a negotiable instrument the lender may sell without notice to the borrower. [Citation.] The deed of trust, moreover, is inseparable from the note it secures, and

his appellate arguments that there is only one BCAP trust entity that claims an ownership interest in the Note and Deed of Trust.

8

follows it even without a separate assignment." (*Id.* at p. 927.) "In general, California law does not give a party personal standing to assert rights or interests belonging solely to others. [Citations.] When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment; the transaction is not void unless and until one of the parties takes steps to make it so. A borrower who challenges a foreclosure on the ground that an assignment to the foreclosing party bore defects rendering it voidable could thus be said to assert an interest belonging solely to the parties to the assignment rather than to herself [or himself]." (*Id.* at p. 936, fn. omitted.) "Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." (*Ibid.*) "A void contract is without legal effect. [Citation.] 'It binds no one and is a mere nullity.' [Citation.] 'Such a contract has no existence whatever. It has no legal entity for any purpose and neither action nor inaction of a party can validate it. . . .' " (*Id.* at p. 929.) A borrower, who is not a party to an assignment, may challenge the assignment if it is void and of no legal effect, but may not challenge the assignment if it is merely voidable. (*Id.* at pp. 942-943.) Abalkhad does not argue the purported defects in the assignments or transfers of the Note and Deed of Trust that he raises for the first time on appeal render the assignments or transfers void. Nor does he argue these legal principles set forth in *Yvanova* in the context of a wrongful foreclosure action after nonjudicial foreclosure are inapplicable in this judicial foreclosure context, and we are aware of no such authority.[5]

---

[5] We review these arguments Abalkhad now raises, although he did not raise them below, because to the extent an

We cannot review Abalkhad's claim that the transfer of the Note and Deed of Trust to the BCAP trust violated the terms of the trust agreement because the trust agreement, which was admitted into evidence at trial, is not before us. It is not in the record on appeal, and there is no indication Abalkhad filed a notice in the superior court designating any trial exhibits to be transmitted for our review, pursuant to California Rules of Court, rule 8.224(a)(1). In any event, case law indicates a transfer that violates a term or terms of a trust agreement is voidable, not void. (See *Hacker v. Homeward Residential, Inc.* (2018) 26 Cal.App.5th 270, 280 ["A number of cases have held that assignments which 'allegedly breach[] a term or terms of a PSA [pooling and service agreement of a securitized investment trust]' are voidable rather than void because 'the beneficiaries, not the borrower, have the right to ratify the trustee's unauthorized acts' "].) This alleged violation of the trust agreement, which Abalkhad raises for the first time on appeal, does not undermine cross-complainants' position that the trust owns the loan, as supported by evidence Abalkhad does not challenge on appeal.

Abalkhad's other argument on appeal in support of his contention cross-complainants did not have standing to bring this judicial foreclosure action is based on Countrywide Bank, FSB's transfer of the Note to Countrywide Home Loans, Inc. after origination of the March 2007 loan. We note that although evidence of this transfer was presented at trial, Abalkhad did not argue below that this transfer affected the trust's standing to bring this judicial foreclosure action. Abalkhad now asserts

---

assignment or transfer was void as a matter of law, that is a legal issue we are in a position to review although it is raised for the first time on appeal.

cross-complainants "failed to prove a valid transfer of the Abalkhad loan from Countrywide Bank, FSB to Countrywide Home Loans, Inc." because "this transfer was not through a sales agreement," but rather "came through an indorsement to the last page of the Abalkhad promissory note." He argues this lack of a writing violates the statute of frauds, as set forth in Civil Code section 1624, subdivision (a). We need not address this assertion because even if it were correct, "It is well established under California law that 'a contract falling within the operation of the statute [Civil Code section 1624], but made in contravention thereof, is not invalid in the sense that it is void. It is merely voidable.'" (*Safarian v. Govgassian* (2020) 47 Cal.App.5th 1053, 1069.) Again, the alleged defect in this transfer, which Abalkhad raises for the first time on appeal, does not undermine cross-complainants' position that the trust owns the loan, as supported by evidence Abalkhad does not challenge on appeal.

We agree with Abalkhad that cross-complainants, as the parties bringing the judicial foreclosure action, had the burden of proving their ownership interest in the Note and Deed of Trust. There is no dispute cross-complainants presented at trial admissible and competent evidence demonstrating the assignments and transfers that led to the Note and Deed of Trust being deposited in the BCAP trust, and that cross-complainants were in possession of the "wet" ink originals of the Note and Deed of Trust. Abalkhad pointing out purported defects in the assignments or transfers, that might render the assignments or transfers voidable as between the parties to those transactions, does not undermine the sufficiency of cross-complainants' proof that the BCAP trust owns the Note and Deed of Trust and has the right to foreclose on the property. Abalkhad does not even

11

speculate there is some party other than cross-complainants who claims an ownership interest in the Note and Deed of Trust and would seek to void the prior assignments or transfers. Abalkhad's contention cross-complainants did not have standing to bring this judicial foreclosure action because they did not prove the trust owned the loan is without merit.

## II.     Nationstar's Entitlement to Attorney Fees

On appeal, Abalkhad challenges Nationstar's entitlement to attorney fees on a ground he did not raise below in opposition to cross-complainants' motion for attorney fees.  He now contends because Nationstar is the loan servicer, and not the lender, Nationstar is not entitled to fees under the attorney fees provisions in the Note and Deed of Trust.  Entitlement to attorney fees is an issue subject to our de novo review.  (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1016.)  Cross-complainants do not argue Abalkhad forfeited the issue by failing to raise it below.

Under the Note, "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note" is entitled to recover reasonable attorney fees "in enforcing this Note."  The Deed of Trust provides the lender may recover reasonable attorney fees incurred to protect its interest in the property and/or its rights under the Deed of Trust.  There can be no dispute that the owner of the loan (the trust) could recover attorney fees under these provisions.

In his appellate brief, Abalkhad states, "Nationstar, as the loan servicer, acted as the agent for the trust in enforcing the deed of trust."  "The essence of any agency relationship is the delegation of authority from the principal to the agent which permits the agent to act 'not only *for*, but *in the place of*, his

12

principal' in dealings with third parties." (*Channel Lumber Co., Inc. v. Porter Simon* (2000) 78 Cal.App.4th 1222, 1227.) Accordingly, as a party bringing this judicial foreclosure action to enforce the trust's rights under the Note and Deed of Trust, Nationstar is entitled to recover its attorney fees under the attorney fees provisions in the Note and Deed of Trust. On appeal, Abalkhad does not challenge the amount of the attorney fees the trial court awarded to Nationstar.

## DISPOSITION

The judgment is affirmed. Respondents are entitled to recover costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

CRANDALL, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13