Filed 6/27/13 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>    Defendant and Appellant. | B240358<br><br>(Los Angeles County<br>Super. Ct. No. SJ3716)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 31, 2013, be modified as follows:

The last full paragraph of the discussion, beginning at the bottom of page 4 and continuing to page 5, is deleted.

There is no change in the judgment.

CERTIFIED FOR PUBLICATION.



ROTHSCHILD, Acting P. J.          CHANEY, J.          JOHNSON, J.

Filed 5/31/13 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF LOS ANGELES, | B240358 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ3716) |
| v. | |
| FINANCIAL CASUALTY & SURETY, INC., | |
| Defendant and Appellant. | |

APPEAL from an order and judgment of the Superior Court of Los Angeles County. Mark A. Young, Judge. Reversed.

E. Alan Nunez for Defendant and Appellant.

Ruben Baeza, Jr., Assistant County Counsel, Joanne Nielsen, Principal Deputy County Counsel for Plaintiff and Respondent.

_____

Penal Code section 1305, subdivision (d) provides for the exoneration of a forfeited bail bond if the defendant is permanently unable to appear in court *and* "[t]he absence of the defendant is without the connivance of the bail." Here, it is undisputed that Luciano Villa, the defendant in the underlying criminal case, was permanently unable to appear in court because he had been deported. The issue is whether the bail surety "connived" in the defendant's inability to appear because the surety should have known that Villa would likely be deported while released on bail.

We hold that even assuming the bail surety should have known there was a likelihood Villa would be deported while out on bail, the surety did not "connive" in his deportation and therefore was entitled to exoneration of its bond.

## FACTS AND PROCEEDINGS BELOW

On June 11, 2011, appellant Financial Casualty & Surety, Inc. (Financial) posted a $100,000 bond for the release of Luciano Villa who was charged with driving under the influence of a drug or alcohol (Veh. Code, § 23152, subds. (a) and (b)) and driving without a license (Veh. Code, § 12500, subd. (a)).

Villa failed to appear in court on June 24, 2011 and bail was forfeited.

Financial made a timely motion to vacate the forfeiture and exonerate the bond on the ground that Villa was deported on June 13, 2011 and therefore, under Penal Code section 1305, subdivision (d), he was "permanently unable to appear in the court."[1]

The court found that Financial met the first prong of section 1305, subdivision (d) because it showed that Villa was permanently unable to return to the United States but it failed to meet the second prong because it failed to show that Financial was "without connivance" in Villa's inability to appear in court. The court interpreted without "connivance" to mean without "unclean hands" and found that Financial had unclean hands in its posting bond for Villa. Addressing Financial's counsel, the court observed: "[L]ooking at the facts, you had full knowledge of his status, you had full knowledge of

---

[1] Statutory references are to the Penal Code unless otherwise noted.

2

his prior deportation, you had full knowledge that he wouldn't be able to appear here on his case, yet you went ahead and filed a bond. . . . I think you partially should be held responsible for that under unclean hands[.]"

Based on its finding of unclean hands, the court denied Financial's motion to vacate the forfeiture and exonerate the bond and the clerk of court entered judgment on the forfeited bond. Financial filed a timely appeal from the order denying its motion and the subsequent judgment.

DISCUSSION

The trial court applied the wrong legal standard when it used the clean hands doctrine to deny Financial's motion to vacate the order of forfeiture.

Section 1305, subdivision (d) contains two requirements for relief from the forfeiture of bail; neither involves "clean hands."[2] Under the statute, the bail surety is entitled to exoneration of its bond if "(1) The defendant is deceased or otherwise permanently unable to appear in the court due to illness, insanity, or detention by military or civil authorities[]" and "(2) [t]he absence of the defendant is *without the connivance of the bail*." If those two requirements are met, "the court *shall* direct the order of forfeiture to be vacated[.]" (§ 1305, subd. (d); italics added.) Exoneration of bail under section 1305, subdivision (d) is neither discretionary nor dependent on the "clean hands" of the surety. Exoneration is mandatory so long as the "absence of the defendant is without the connivance of the bail."[3] (*Ibid.*)

---

[2]    The "clean hands doctrine" holds that "a party cannot seek equitable relief . . . if that party has violated an equitable principle, such as good faith." (Black's Law Dict. (8th ed. 1999) p. 268, col. 2.)

[3]    Section 1305 formerly provided that if the defendant's absence "was not with the connivance of the bail" the court "may direct" exoneration of the bail "upon such terms as may be just" (Stats. 1927, ch. 735, § 1). In 1963 "may direct" was changed to "shall direct" (Stats. 1963, ch. 2014, § 1). And in 1993 the Legislature deleted the phrase "upon such terms as may be just" (Stats 1993, ch. 524, § 2).

When interpreting a statute we begin with the plain meaning of its language. If that language is unambiguous the plain meaning controls. (*People v. Dunbar* (2012) 209 Cal.App.4th 114, 117.)

The word "connivance" has a well-established meaning. In a 1929 dissenting opinion, Justice Shenk of our Supreme Court noted in dictum that the word "connivance" "presupposes some unlawful or wrongful act or omission on the part of another (here the defaulting defendant), that is, some feigned ignorance or acquiescence or encouragement of the surety in the wrongdoing." (*Seaboard Surety Corp. v. Municipal Court* (1929) 208 Cal. 596, 599-600.) He further explained, "[o]ne may not connive with himself any more than he may conspire with himself. It requires at least two persons to connive." (*Id*. at p. 600.) Justice Shenk's understanding of the word "connivance" was adopted in *People v. Pugh* (1970) 9 Cal.App.3d 241, 253, holding that the bail surety did not connive in the defendant's absence merely because it gave him permission to travel to Oklahoma where he was arrested and incarcerated by Oklahoma authorities.

More recent definitions of "connivance" are to the same effect. Webster's Third New International Dictionary defines the word as meaning: "(1) intentional failure to notice or discover wrongdoing: passive consent or cooperation; (2) corrupt or guilty assent to wrongdoing that involves knowledge of and failure to prevent or oppose it but no actual participation in it." (Webster's Third New Int. Dict. (1981) p. 481, cols. 1-2.) Black's Law Dictionary defines "connivance" as: "The act of indulging or ignoring another's wrongdoing, esp[ecially] when action should be taken to prevent it." (Black's Law Dict., *supra*, at p. 322, col. 1.)

There is no evidence that Villa, with Financial's knowledge and assent, arranged for his own deportation so that he would not have to appear in court nor that Financial knew that Villa intended not to appear and either aided or failed to prevent or oppose his plan.

Respondent cites *People v. American Surety Ins. Co.* (2000) 77 Cal.App.4th 1063 for the proposition that the clean hands doctrine applies to bail exoneration under

4

section 1305, subdivision (d).  We disagree.  In *People v. American Surety*, the People contended that bail should be forfeited because the surety had bonded an undocumented alien who was subsequently deported.  The court rejected the People's argument that the surety acted with unclean hands in posting bond for the defendant because it found the surety was "duped into the good faith belief that [defendant] was lawfully in the United States."  (*Id*. at p. 1068.)  In contrast, respondent argues, Financial knew Villa was an undocumented alien but posted bail for him anyway.  The People's argument fails because the court in *American Surety* was not asked to decide whether clean hands was the applicable standard to apply to the surety's conduct.  In discussing the surety's "clean hands," the court was simply responding to an argument by the People.  A case is not authority for a proposition not considered.  (*People v. Williams* (2005) 35 Cal.4th 817, 827.)

## DISPOSITION

The judgment and the order denying Financial's motion to vacate the forfeiture and exonerate the bond are reversed.  Appellant to recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, Acting P. J.

We concur:



CHANEY, J.                    JOHNSON, J.


5