Filed 7/24/15  County of Los Angeles v. Financial Casualty & Surety Inc. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>    Defendant and Appellant. | B254010<br><br>(Los Angeles County<br>Super. Ct. No. SJ3716)<br><br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |

THE COURT:

It is ordered that the opinion filed herein on June 26, 2015, be modified in the following manners:

The last sentence that begins at the bottom of page 2 and continues to page 3 is deleted ("According to the court, an interest award was not equitable under the circumstances because the County had demanded payment of the judgment pursuant to Penal Code section 1306, which under subdivision (f) provides a two-year limitation from entry of judgment for enforcement.").  That sentence is replaced with the following: "According to the court, an interest award was not equitable under the circumstances because the County had demanded payment of the judgment pursuant to Penal Code section 1306."

On page 4, the first full sentence beginning with "Although the County demanded payment . . ." is deleted and replaced with the following *two* sentences:  "Although the County demanded payment of the judgment pursuant to Penal Code section 1306, which under subdivision (e) provides time periods for collection and enforcement of a judgment on a forfeited bond and under subdivision (f) gives the County two years from entry of judgment for enforcement, payment of interest fulfills the purpose of Code of Civil Procedure section 908 to return Financial to the position it occupied before enforcement of the judgment that we reversed on appeal.  The County's collection of the judgment pursuant to Penal Code section 1306 does not provide a reasoned basis for denying interest as restitution under Code of Civil Procedure section 908."

This modification does not constitute a change in the judgment.

The petition for rehearing is denied.

<u>NOT TO BE PUBLISHED</u>.

_____

    ROTHSCHILD, P. J.              CHANEY, J.              JOHNSON, J.

Filed 6/26/15  County of Los Angeles v. Financial Casualty & Surety CA2/1 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>    Defendant and Appellant. | B254010<br><br>(Los Angeles County<br>Super. Ct. No. SJ3716) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lia R. Martin, Judge.  Order denying interest reversed and remanded with directions.

_____

John M. Rorabaugh for Defendant and Appellant.

Mark J. Saladino, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and Joanne Nielsen, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Financial Casualty & Surety, Inc. (Financial) appeals from that portion of an order in which the trial court denied interest on its motion for restitution pursuant to Code of Civil Procedure section 908. Financial contends that the court abused its discretion in denying interest. We agree and thus reverse and remand the matter with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2011, Financial posted a $100,000 bond for the release of criminal defendant Luciano Villa. When Villa failed to appear in court on June 24, bail was forfeited. Financial moved to vacate the forfeiture and exonerate the bond on the ground that Villa had been deported on June 13 and thus, under Penal Code section 1305, subdivision (d), was "permanently unable to appear in the court." Based on a finding of "unclean hands," the trial court (Hon. Mark A. Young) denied Financial's motion and entered judgment on the forfeited bond. Financial appealed. On April 10, 2012, during the pendency of the appeal, Financial paid the judgment, which totaled $101,493.29, including court costs and interest, to the County of Los Angeles (County).

We reversed the judgment, concluding that the trial court had applied an incorrect legal standard to deny Financial's motion. (*County of Los Angeles v. Financial Casualty & Surety, Inc*. (2013) 216 Cal.App.4th 1192, 1195-1196.) Because relief from the forfeiture of bail under Penal Code section 1306 is neither discretionary nor dependent on "'clean hands,'" we held that exoneration is mandatory so long as the defendant's absence is "'without the connivance of the bail,'" and no evidence existed that Financial had connived in Villa's absence. (*Ibid*.) Our remittitur issued on August 1, 2013.

On October 3, Financial moved under Code of Civil Procedure section 908 for restitution, including interest on the money it had paid the County. The County opposed Financial's request for interest. On December 11, the trial court (Hon. Lia R. Martin) entered an order awarding restitution in the amount paid, $101,493.29, but denying interest. According to the court, an interest award was not equitable under the circumstances because the County had demanded payment of the judgment pursuant to Penal Code section 1306, which under subdivision (f) provides a two-year limitation

2

from entry of judgment for enforcement.  On December 17, the County paid Financial $101,493.29.  Financial appealed from that portion of the order denying interest.

## DISCUSSION

Code of Civil Procedure section 908 provides that, upon reversal or modification of a judgment, "the reviewing court may direct that the parties be returned so far as possible to the positions they occupied before the enforcement of or execution on the judgment or order.  In doing so, the reviewing court may order restitution on reasonable terms and conditions of all property and rights lost by the erroneous judgment or order. . . . "  "[A] trial court whose order or judgment has been reversed on appeal has inherent authority to afford similar relief.  [Citations.]" (*Gunderson v. Wall* (2011) 196 Cal.App.4th 1060, 1065 (*Gunderson*).)

"'The fundamental rule guiding the court [in awarding restitution under Code of Civil Procedure section 908] [i]s, so far as possible, to place the parties in as favorable a position as they could have been in had the judgment[] not been enforced pending appeal.' [Citation.]" (*Gunderson*, *supra*, 196 Cal.App.4th at p. 1065.)  An interest award routinely is part of restitution following the reversal of a money judgment unless such an award would be inequitable under the circumstances.  (*Textron Financial Corp. v. National Union Fire Ins. Co.* (2004) 118 Cal.App.4th 1061, 1085 (*Textron*), disapproved on other grounds in *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 377-379.)  Courts "generally reason[] that []payment of interest is appropriate because a plaintiff who collects his judgment pending appeal assumes the risk that it may have to repay the award, along with interest, if the defendant prevails in that appeal.  [Citations.]" (*Gunderson*, at pp. 1066-1067.)  The decision whether to award interest as restitution is a question of "judicial discretion in determining what equity require[s]." (*Stockton Theatres, Inc. v. Palermo* (1953) 121 Cal.App.2d 616, 632; see also *Textron*, at p. 1085.)

Denying interest here did not place Financial "'in as favorable a position as [it] could have been in had the judgment[] not been enforced pending appeal.'" (*Gunderson*, *supra*, 196 Cal.App.4th at p. 1065.)  Financial lost the time value of its money between the time it paid the judgment to the County and the date the County returned its money

3

after our reversal of the judgment. Although the County demanded payment of the judgment pursuant to Penal Code section 1306, which under subdivision (f) gives it two years from entry of judgment for enforcement, payment of interest fulfills the purpose of Code of Civil Procedure section 908 to return Financial to the position it occupied before enforcement of the judgment that we reversed on appeal. No evidence exists that Financial acted inequitably in postjudgment proceedings to render the denial of interest an appropriate act of discretion. (See *Gunderson*, *supra*, 196 Cal.App.4th at pp. 1067-1068 [denial of interest affirmed because defendant who ultimately paid judgment pending appeal engaged in inequitable postjudgment conduct that caused plaintiff to incur substantial costs in enforcing the judgment].) Under these circumstances, an award of interest as restitution is appropriate pursuant to Code of Civil Procedure section 908. (*Textron*, *supra*, 118 Cal.App.4th at pp. 1085-1086 [interest awarded as restitution when defendant had paid judgment based on plaintiff's threat to execute on it and no evidence existed that defendant had acted inequitably in postjudgment proceedings].) We, therefore, reverse the denial of interest and remand the matter for the trial court to determine a reasonable interest rate and award interest from the date Financial paid the judgment (April 10, 2012) through the date the County returned the money (December 17, 2013).[1]

---

[1]    We note that interest rates are, and have been, low. (See, e.g., Department of the Treasury, Resource Center, Daily Treasury Yield Curve Rates <http://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=yield> [treasury yield curve rate on 10-year United States treasury bond 2.19 percent as of June 1, 2015].) Although Financial asks for interest at a rate of 10 percent per annum pursuant to Civil Code sections 3287 and 3289, those provisions do not govern a restitution award under Code of Civil Procedure section 908. In addition, Financial has not demonstrated that an interest rate of 10 percent would be the appropriate interest rate to restore it to as favorable a position as it could have been in had the judgment not been enforced pending appeal.

4

## DISPOSITION

The order insofar as the trial court denied interest is reversed and remanded with directions.  On remand, the court shall determine a reasonable interest rate to restore Financial to its former position and award Financial that interest on the amount of $101,493.29 from April 10, 2012 through December 17, 2013.  Financial is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



JOHNSON, J.