Filed 10/30/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MIKAYLA HOFFMANN, a Minor, etc., <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> CHRISTINA M. YOUNG et al., <br><br>     Defendants and Respondents. | 2d Civil No. B292539 <br> (Super. Ct. No. 16CVP0060) <br> (San Luis Obispo County) |

    While riding her motorcycle on a motocross track, Mikayla Hoffmann (appellant) was severely injured in a collision with another motorcycle ridden by Gunner Young (Gunner), appellant's 18-year-old friend. According to appellant's expert witness, the collision was caused by the negligent design of the track and lack of directional signs. Appellant was a minor at the time of injury but is now an adult.

    The track and an adjacent residence were on property owned by Gunner's parents. Both Gunner and his parents lived there. Gunner not only invited appellant to come onto the property, he drove his truck to her house, loaded her motorcycle into the bed of the truck, and drove her to the property. There is

no evidence that Gunner's parents prohibited him from inviting guests onto the property. There is some evidence that only family members were allowed to ride on the motocross track.

Appellant sued respondents (Gunner and his parents). A jury found that they had no liability for the collision or the allegedly negligent medical care provided to appellant after the collision.

Gunner's parents successfully claimed that they are immune from liability for the collision pursuant to the recreational use immunity defense of Civil Code section 846 (section 846).[1] But there is an exception to this defense that applies when the injured person has been "expressly invited" onto the property "by the landowner." (§ 846, subd. (d)(3).) Appellant had been expressly invited by Gunner. We hold that where, as here, a child of the landowner is living with the landowner on the landowner's property and the landowner has consented to this living arrangement, the child's express invitation of a person to come onto the property operates as an express invitation by the landowner within the meaning of section 846, subdivision (d)(3), unless the landowner has prohibited the child from extending the invitation. Thus, Gunner's express invitation of appellant stripped his parents of the immunity that would otherwise have been provided to them by section 846.

---

[1] Section 846, subdivision (a) provides: "An owner of any estate or any other interest in real property, whether possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose or to give any warning of hazardous conditions, uses of, structures, or activities on those premises to persons entering for a recreational purpose, except as provided in this section."

2

In the trial court appellant's attorney relied upon and cited the relevant case of *Calhoon v. Lewis* (2000) 81 Cal.App.4th 108 (*Calhoon*). This fell upon deaf ears and the trial court erroneously instructed the jury that the express invitation exception to the immunity defense applies only if one of Gunner's parents, i.e., the actual landowner, expressly invited appellant onto the property. The erroneous instruction struck at the heart of the case and prejudiced appellant. Moreover, the court erroneously instructed the jury that the express invitation must be for a recreational purpose. "[I]mmunity is abrogated by an [express] invitation for any purpose." (*Pacific Gas & Electric Co. v. Superior Court* (2017) 10 Cal.App.5th 563, 588.)

We therefore reverse the judgment on two causes of action as to which the jury found no liability based on the immunity defense. They are the first and second causes of action for general negligence and premises liability. In all other respects, we affirm.

### Calhoon v. Lewis

Appellant contends that, pursuant to *Calhoon*, *supra*, 81 Cal.App.4th 108, Gunner's invitation to appellant was tantamount to an express invitation from the landowner (his parents) within the meaning of section 846, subdivision (d)(3). In *Calhoon* the plaintiff was invited by his friend, Wade, to come over to Wade's parents' residence where Wade lived. (The opinion does not indicate the age of plaintiff or Wade.) While waiting for Wade at the residence, plaintiff injured himself riding a skateboard on the driveway. He sued Wade's parents. The parent's defended, inter alia, on the theory that they were immune from tort liability under the immunity defense as codified in section 846.

3

"The trial court found [plaintiff's] claims were barred by the immunity set forth in section 846." (*Calhoon, supra,* 81 Cal.App.4th at p. 113.) The Court of Appeal disagreed. It said that Wade's invitation of plaintiff was sufficient to negate recreational use immunity. The Court of Appeal concluded that Wade's invitation "would seem to easily bring this case into [the] . . . 'expressly invited' exception." (*Ibid.*) We find *Calhoon's* reasoning persuasive.

*Johnson v. Unocal Corp.*

Respondents argue that affirmance of the judgment is compelled by this court's decision in *Johnson v. Unocal Corp.* (1993) 21 Cal.App.4th 310 (opn. of Gilbert, J., Stone, P. J., Yegan, J., concurring). We disagree. The plaintiff in *Johnson* was employed by Abex Corporation. Abex was given permission by Unocal Corporation to hold a picnic on Unocal's property. During the picnic, plaintiff was injured while playing a game of horseshoes. He leaned against a fence railing that collapsed. He sued Unocal. The trial court granted summary judgment in favor of Unocal on the theory of recreational use immunity as provided by section 846. Plaintiff argued that he fell within the express invitation exception to the immunity defense. We affirmed because the landowner, Unocal, did not extend to plaintiff "a direct, personal request . . . to attend this picnic." (*Johnson, supra,* at p. 317.) Unlike the instant case, in *Johnson* there was not an express invitation from the landowner's child who was living with the landowner on the property.

*Express Invitation by Landowner's Child*
*Is Tantamount to Express Invitation by Landowner*

If a person is living with his parents, must he ask his parents for permission to bring a friend onto his parents'

4

property?  Or do his parents, by allowing him to live on the property, impliedly permit him to invite friends to the property?  We use a modicum of common sense in selecting the latter alternative.  Absent very unusual circumstances, such as an express order not to bring a friend to the property, it is reasonable to say that, so long as they are living together, a child may invite a guest onto the parents' property.

We recognize that the language chosen by the Legislature says that the exception applies only to persons "expressly invited . . . by the landowner" (§ 846, subd. (d)(3)).  Gunner was not the landowner.  But the statute does not preclude a landowner from delegating authority to a child to invite guests onto the property for social purposes.  Such a delegation creates an agency relationship.  (*Channel Lumber Co. v. Porter Simon* (2000) 78 Cal.App.4th 1222, 1227.)  The existence of such a delegation of authority from Gunner's parents to Gunner may be implied here.  (*Borders Online v. State Board of Equalization* (2005) 129 Cal.App.4th 1179, 1189 ["An agency relationship 'may be implied based on conduct and circumstances'"].)  Because Gunner was acting as his parents' agent when he expressly invited appellant onto the property, the invitation is deemed to have been expressly extended by his parents, the landowner.  (See *Southern Pacific Co. v. Von Schmidt Dredge Co.* (1897) 118 Cal. 368, 371 ["""the act of the agent, in signing the agreement in pursuance of his authority, is in law the act of the principal"""].)

Our holding does not undermine the purpose of section 846, which was enacted in 1963.  "The statutory goal was to constrain the growing tendency of private landowners to bar public access to their land for recreational uses out of fear of incurring tort liability.  [Citations.]"  (*Hubbard v. Brown* (1990) 50 Cal.3d 189,

193.)  Section 846 immunity from tort liability remains as to persons from the general public.  Appellant was not a member of the general public.  She was an expressly invited guest.

*Trial Court's Erroneous Instruction Prejudiced Appellant*

The trial court erred in instructing the jury that the express invitation exception to the immunity defense applies only if one of Gunner's parents expressly invited appellant onto the property.  "In order to persuade an appellate court to overturn a jury verdict because of instructional error, an appellant must demonstrate that 'the error was prejudicial [citation] and resulted in a "miscarriage of justice."'" (*Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1213.)

Respondents claim that the erroneous instruction was not prejudicial:  "[Appellant] never proposed a verdict form question . . . that would have allowed the jury to find that Gunner's invitation abrogated [his parents'] immunity. . . . Consequently, the jury was never asked to make any findings on the 'express invitation' issue. . . .  Therefore, even if the jury had been instructed differently, the outcome would be no different because absent an appropriate question on the verdict form, the jury had no way of returning a verdict that the 'express invitation' exception abrogated [Gunner's parents'] immunity."

Respondents correctly note that the special verdict form omitted a question on the applicability of the express invitation exception to the immunity defense.  The verdict form instructed the jury to find Gunner's parents not liable for the collision if appellant had entered the "property for a recreational purpose" and the parents had not "willfully or maliciously fail[ed] to protect others or willfully or maliciously fail[ed] to warn others about a dangerous condition or activity on the property."

6

But we cannot fault appellant for not requesting that the verdict form include a question on the express invitation exception. Over appellant's objection, the trial court had previously ruled that the exception did not apply because "there is no evidence that there was an express[] invitation by either Christina Young or Donald Young [Gunner's parents] to have [appellant] come to the property." The court explained: Appellant "was invited to [the parents'] property by their adult son, Gunner." Appellant "did not know either Donald Young or Christina Young before this accident, so they couldn't have been the people that had invited her."

The court's erroneous ruling was incorporated into its jury instruction on the express invitation exception. Pursuant to that instruction, the exception was inapplicable as a matter of law because it was undisputed that Gunner, not his parents, had expressly invited appellant. Thus, there was no reason for appellant to insist that the verdict form include a question on the express invitation exception. The court's jury instruction necessarily decided the issue adversely to appellant. The prejudice caused by the erroneous instruction was unavoidable.

*CACI No. 1010*

The trial court instructed the jury with CACI No. 1010, which provides in part that the express invitation exception to the immunity defense applies only if the invitation was for a "recreational purpose." This language is erroneous and should be deleted from the instruction. Nowhere in the statute (§ 846, subd. (d)(3)) is there such a requirement. (*Calhoon, supra,* 81 Cal.App.4th at p. 114; *Pacific Gas & Electric Co. v. Superior Court, supra,* 10 Cal.App.5th at p. 588; *Jackson v. Pacific Gas & Electric Co.* (2001) 94 Cal.App.4th 1110, 1116.)

7

*Holding*

One of the institutional functions of the California Court of Appeal is to state its holding in clear language as a guidepost for the trial courts and the bar to properly evaluate cases. (*In re Marriage of Boswell* (2014) 225 Cal.App.4th 1172, 1176-1177.) We therefore repeat our holding: Where the landowner and the landowner's child are living together on the landowner's property with the landowner's consent, the child's express invitation of a person to come onto the property operates as an express invitation by the landowner within the meaning of section 846, subdivision (d)(3), unless the landowner has prohibited the child from extending the invitation.

*Trial Court's Allegedly Erroneous Denial*
*of Appellant's Motion for New Trial*

Appellant's fourth cause of action alleged that respondents had provided negligent medical care after her injury. Appellant contends that the trial court erroneously denied her motion for a new trial as to this cause of action because the court's "evidentiary rulings denied her due process of law." "Generally, rulings on new trial motions are reviewed for an abuse of discretion." (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1176.)

Appellant has forfeited the new trial issue because she failed to make a cognizable argument explaining why the trial court abused its discretion and why the allegedly erroneous evidentiary rulings prejudiced her. Although the trial court issued a detailed written ruling explaining its denial of the motion for new trial, appellant does not refer to the ruling. She makes no attempt to show that the court's stated reasons for denying the motion were flawed.

"""[A]n appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness." [Citation.] As a result, on appeal "the party asserting trial court error may not . . . rest on the bare assertion of error but must present argument and legal authority on each point raised. [Citation.]" [Citations.] When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" [Citation.]' [Citation.]" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)

*Reply to Dissent*

The dissent theory is a slave to literalism. Yes, the statute affording immunity only uses the word, "landowner." But an appellate court should not subscribe to the dictionary rule of jurisprudence. (See, e.g., *Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1705; see also the dissenting opinion by Justice Gilbert.) The statute does not even purport to deal with the law of agency, which is a staple of both common and statutory law. By the dissent theory, only a fee simple owner of property is a "landowner" and only he or she, personally, can give consent. We do not purport to confer principal-agent status to son for business or other purposes. We only hold that for purposes of section 846 immunity, the son of a "landowner" can invite, i.e., expressly consent, to bring a person onto the land. This eviscerates section 846 immunity and this is the fair import of *Calhoon*.

Can a managing agent of real property, expressly employed for such purpose, expressly consent for a person to come upon his principal's land with the principal still enjoying section 846 immunity? No. Here, of course, there is no express agency. But,

9

there is implied agency to let son invite, and expressly consent, to allow a person to come onto his parents' land.  This eviscerates section 846 immunity.

Finally, we have noted the reason for the rule, as expressed by the California Supreme Court for section 846 immunity (slip opn. at p. 5).  Here, the reason for the rule has ceased with consent.  So should the rule itself.  (See Civ. Code, § 3510.)

*Disposition*

The judgment on the first and second causes of action is reversed.  In all other respects, the judgment is affirmed.  Appellant shall recover her costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, Acting P. J.


I concur:


TANGEMAN, J.

PERREN, J.

I respectfully dissent.

Eighteen-year-old Gunner Young invited his friend, fifteen-year-old Mikayla Hoffmann, to accompany him onto property owned by his parents, Donald and Christina Young (landowners). They stopped briefly on the property intending to continue to ride in a nearby riverbed not on the property. Before continuing, however, Gunner told Mikayla that he was going to warm up his motorcycle on a motocross track on the property. He told her not to follow him. Gunner went on the track travelling in a clockwise direction. Mikayla decided to warm up her motorcycle and chose to travel on the track in a counter-clockwise direction. The inevitable became the actual; they collided and both were injured.

Prior to the accident, the landowners did not know of Mikayla's presence. They had not "expressly invited" or even "merely permitted" her on the land. (Civil Code, § 846, subd. (d)(3).)[1] Gunner denied he had invited Mikayla to ride on the track because its use was limited to family members.

"An owner of any estate or any other interest in real property . . . owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose . . . except as provided in this section." (§ 846, subd. (a).) This statute is all encompassing. Though usually referred to as the "recreational use immunity," it casts a far wider net. Subdivision (b) alleviates any doubt regarding the scope of activities included.

With equal clarity, section 846 specifies three exceptions to the immunity provision. Only one is pertinent here: Immunity is not available if "persons . . . are expressly invited rather than

---

[1] All statutory references are to the Civil Code unless otherwise stated.

1

merely permitted to come upon the premises *by the landowner*." (*Id.,* subd. (d)(3), italics added.)  The majority and I agree the land upon which the accident occurred qualifies for section 846 immunity and that it is the landowner who must "expressly invite[]" the person subsequently injured.  (*Ibid.*)  We part company on the meaning of the statute's directive that the "express invitation" be the invitation of the "landowner."  I would hold that the statute is clear and specific, and that its purpose is to protect the landowner through its grant of immunity.  (*Ibid.*)

The majority "holds," however, that the landowner's express invitation may be made by (1) a child of the landowner, (2) who lives on the landowner's property, (3) with the landowner's consent, and (4) who has not been prohibited from inviting guests onto the property (with the burden on the landowner to prove the negative).  (Maj. opn. *ante*, at pp. 5, 8.) The "authority" for this proposition is "a modicum of common sense" that by allowing a child to live on the property, the parent landowners "impliedly permit him to invite friends to the property," and the fact that section 846, subdivision (d)(3) does not preclude a landowner from delegating authority to a child to invite guests onto the property.  (Maj. opn. *ante*, at pp. 2, 5.)  As the majority phrases the rule, it becomes one of implication not invitation.[2]

---

[2] For this proposition, the majority cites *Channel Lumber Co. v. Porter Simon* (2000) 78 Cal.App.4th 1222, which addresses the obligation of a corporation to indemnify its attorney agents under Corporations Code section 317.  (*Channel Lumber*, at p. 1227; see also *Southern Pacific Co. v. Von Schmidt Dredge Co.* (1897) 118 Cal. 368, 371 [construing a written contract to determine the liability of a disclosed principal for damages to two river barges].)  (See Maj. opn. *ante*, at p. 5.)

The majority, in effect, has rewritten the unambiguous language in the statute to include language that is neither stated nor reasonably inferred.  "'Appellate courts may not rewrite unambiguous statutes'" or "rewrite the clear language of [a] statute to broaden the statute's application." (*In re David* (2012) 202 Cal.App.4th 675, 682.)  Nothing in the statute contemplates that the landowner's express invitation may be *implied* from an invitation issued by the landowner's child.  As the majority would amend section 846, it would read: "(d) This section does not limit the liability which otherwise exists for any of the following: . . . [¶] . . . (3) Any persons who are expressly [*or by implication*] invited rather than merely permitted to come upon the premises by the landowner." (Civ. Code, §846, subd. (d)(3).)

"[T]he Legislature has demonstrated that, if it intends to establish [a certain] requirement[], it knows how to draft statutory language expressly doing so." (*Estate of Joseph* (1998) 17 Cal.4th 203, 220 (dis. opn. of Chin, J.); see *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735 [The Legislature has shown it "knows how to create an exemption from the anti-SLAPP statute when it wishes to do so"].)  The Legislature's omission of any language giving a child the implicit authority as an agent to issue an express invitation on behalf of a parent landowner means only the landowner may issue the invitation unless the landowner expressly authorizes an agent do so.  (See § 846, subd. (d)(3).)  No such claim is asserted here.

Moreover, the majority's decision is contrary to the common definition of "'expressly,' [which] means 'in an express manner; in direct or unmistakable terms; explicitly; definitely; directly' [Citations.]." (*Le Ballister v. Redwood Theatres, Inc.* (1934) 1 Cal.App.2d 447, 448; accord *City of Lafayette v. County of*

*Contra Costa* (1979) 91 Cal.App.3d 749, 756, fn. 3.) "Explicit" is a synonym of "express," and "explicit" is an antonym of "implicit." (The Merriam-Webster Thesaurus (2005) pp. 221-222, 321.) Caselaw supports this view. As reiterated in *Wang v. Nibblelink* (2016) 4 Cal.App.5th 1, "'[e]xpress invitation' in section 846 refers to a direct, personal request by the landowner to persons whom the landowner selects to come onto the property." (*Id.* at p. 32; accord *Jackson v. Pacific Gas & Electric Co.* (2001) 94 Cal.App.4th 1110, 1116; *Ravell v. United States* (9th Cir. 1994) 22 F.3d 960, 963.)

The cases cited by the majority also are not persuasive. (See maj. opn. *ante*, at pp. 3-5.) In *Calhoon v. Lewis* (2000) 81 Cal.App.4th 108, the trial court granted summary judgment for the defendants based on the section 846, subdivision (d)(3) immunity. (*Calhoon*, at p. 112.) The Court of Appeal disagreed that this exception to immunity requires an express invitation to participate only in recreational activities but affirmed on different and distinguishable grounds. (*Id.* at pp. 112, 115-118.) The court emphasized the Legislature's intent to encourage "property owners to provide access for the owner's personal guests. This distinction makes sense. Property owners do not need governmental encouragement to permit personal guests to come onto their land." (*Id.* at p. 114.)

Here, Gunner was not a landowner and Mikayla was not the landowners' personal guest. According to the majority, she was the landowners' implicit guest which, in its view, is tantamount to an "expressly invited" guest. (§ 846, subd. (d)(3).) There is no authority for this proposition. If anything, our decision in *Johnson v. Unocal Corp.* (1993) 21 Cal.App.4th 310 undermines that view. In that case, the plaintiff was not an

4

express invitee to a company picnic because the defendant landowner did not personally request that the plaintiff attend. (*Id.* at p. 317.)

Nothing in the record suggests Gunner's parents had any knowledge of Mikayla's presence on the property or had given him express permission to invite her on their behalf.  (§ 846, subd. (d)(3).)  Again, it makes no sense for a statute to state the *landowner* must issue an express invitation and then apply an implied agency theory to hold that a child living on the property can implicitly issue an express invitation on the parent landowner's behalf.

In sum, limiting the express invitation language in section 846, subdivision (d)(3) to "the landowner" not only is tidier, but it also is what the statute says.  (See *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2013) 216 Cal.App.4th 1192, 1196 ["When interpreting a statute we begin with the plain meaning of its language.  If that language is unambiguous the plain meaning controls"].)  It follows that the jury was properly instructed on who had the authority to "expressly invite[]" appellant onto the property.  (§ 846, subd. (d)(3).)[3]

I would affirm.

<u>CERTIFIED FOR PUBLICATION</u>.


PERREN, J.

---

[3] I concur with the majority, however, that the trial court erred in giving CACI No. 1010 in its current iteration.  As the majority notes, "[t]his language is erroneous and should be deleted from the instruction."  (Maj. opn. *ante*, at p. 7.)

5

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Andrade Law Offices and Steven R. Andrade, for Plaintiffs and Appellants.

Horvitz & Levy, Dean A. Bochner and Joshua C. McDaniel; Henderson & Borgeson, Jay M. Borgeson and Royce J. Borgeson, for Defendants and Respondents.