Filed 3/2/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| WILLIAM GRAY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>QUICKEN LOANS, INC,<br><br>    Defendant and Respondent. | 2d Civ. No. B304532<br>(Super. Ct. No. 56-2019-<br>00528118-CU-OR-VTA)<br>(Ventura County) |

        Appellant William Gray's home was destroyed by Ventura's Thomas Fire. Gray's hazard insurance policy jointly paid him and his mortgage lender, respondent Quicken Loans, Inc. (Quicken), a total of $1,342,740. The Deed of Trust allowed Quicken to hold the insurance proceeds in escrow and to disburse the funds as repairs to the home were being made. Quicken placed the funds in a non-interest bearing escrow account.

        Gray filed this action against Quicken, on behalf of himself and others similarly situated, alleging causes of action for breach of fiduciary duty and violations of Civil Code section 2954.8[1] and Business and Professions Code section 17200. He contends

_____

        [1] All statutory references are to the Civil Code unless otherwise stated.

section 2954.8 requires a lender to pay interest on insurance proceeds held in escrow following the partial or total destruction of the insured's residence or other structure.

The trial court sustained Quicken's demurrer to the complaint without leave to amend. We affirm. Neither section 2954.8 nor the parties' loan agreement required the payment of interest.

## DISCUSSION

### *Standard of Review*

We review an order sustaining a demurrer without leave to amend de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law under any legal theory. (*Villafana v. County of San Diego* (2020) 57 Cal.App.5th 1012, 1016; *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.) We give the complaint a reasonable interpretation, considering all material facts that are properly pleaded and matters that may be judicially noticed, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

### *The Trial Court Properly Sustained Quicken's Demurrer Without Leave to Amend*

Section 2954.8, subdivision (a) requires a lender "that receives money *in advance* for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property" to pay two percent interest per annum on the amount being held. (Italics added.) Gray contends hazard insurance proceeds are subject to this section because they are paid and received "in advance" of rebuilding.

The Deed of Trust requires Gray to maintain hazard insurance on the property. Section 5 provides: "In the event of loss, Borrower shall give prompt notice to the insurance carrier

2

and Lender.  Lender may make proof of loss if not made promptly by Borrower.  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds . . . shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly.  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed.  *Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds*."  (Italics added.)

Since there is no written agreement to pay interest in this case, the question is whether the plain language of section 2954.8 constitutes "Applicable Law" requiring interest to be paid on the insurance proceeds.  This requires us to "look to the statute's words and give them their 'usual and ordinary meaning.' [Citation.]  'The statute's plain meaning controls the court's interpretation unless its words are ambiguous.  If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent.'  [Citation.]" (*White v. Ultramar*, Inc. (1999) 21 Cal.4th 563, 572 (*White*); *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2013) 216 Cal.App.4th 1192, 1196.)

The parties cite no relevant California appellate authority, but we find *Lippitt v. Nationstar Mortgage, LLC* (C.D.Cal. Apr. 16, 2020, No. SA CV 19-1115-DOC-DFM) 2020 U.S. Dist. Lexis

3

122881 (*Lippitt*) instructive.[2] The district court determined, under virtually identical facts,[3] that section 2954.8 does not apply to hazard insurance proceeds. The court explained: "Insurance [p]roceeds are 'received' as compensation for property damage that has already occurred, and the purposes for which the [i]nsurance [p]roceeds 'shall be applied' depend on factors that are not determined in 'advance' of the [i]nsurance [p]roceeds' initial disbursement. . . . If the borrower chooses not to use the [i]nsurance [p]roceeds to immediately pay down their loan, the Deed of Trust permits the lender to hold insurance proceeds received in arrears for restoration or repair if 'restoration or repair is economically feasible and Lender's security is not lessened.'" (*Lippitt*, at p. *20.) Reading the borrower's Deed of Trust in conjunction with section 2954.8's "plain language," the court "conclude[d] that section 2954.8 does not apply to the [i]nsurance [p]roceeds -- funds received in arrears for past losses and then held for specified purposes -- because they are not 'received . . . in advance[]' for specified purposes." (*Lippitt*, at p. *20.)

Gray's Deed of Trust tracks both section 2954.8 and the *Lippitt* Deed of Trust. Section 3 states: "Borrower shall pay to Lender on the day Periodic Payments are due under the Note, . . . a sum (the 'Funds') to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain

---

[2] "Although not binding, unpublished federal district court cases are citable as persuasive authority." (*Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556, 576, fn. 8; *Olinick v. BMG Entertainment* (2006) 138 Cal.App.4th 1286, 1301, fn. 11.)

[3] The *Lippitt* home was destroyed in 2018's Woolsey fire. (*Lippitt, supra*, 2020 U.S. Dist. Lexis 122881, *2.)

4

priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance Premiums, if any, or any sums payable to by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10.  These items are called 'Escrow Items.'"

Based upon the statutory and contractual language, we agree with *Lippitt* that section 2954.8 "applies to common escrows maintained to pay taxes, assessments, and insurance premiums -- not to the comparatively unique example of hazard insurance proceeds held by a lender pending property rebuilding." (*Lippitt, supra,* 2020 U.S. Dist. Lexis 122881, *21.)

Accordingly, the insurance proceeds held by Quicken pursuant to section 5 of the Deed of Trust fall outside the scope of section 2954.8.  Gray's secondary reliance on the purported purposes of section 2954.8 does not and cannot circumvent the statute's plain language.  (See *Lippitt, supra,* 2020 U.S. Dist. Lexis 122881, *22; *White, supra,* 21 Cal.4th at p. 572.)  We may not construe a statute to include a presumed intention the Legislature did not express.[4]  (*Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26 Cal.App.5th 125, 142; *California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632-633.)

---

[4] Given our determination that no section 2954.8 violation occurred, we need not decide whether the statute creates a private right of action or whether, by failing to pay interest on the insurance proceeds, Quicken breached its fiduciary duties and engaged in unfair competition.

DISPOSITION

The judgment is affirmed.  Quicken shall recover its costs on appeal.

CERTIFIED FOR PUBLICATION.


PERREN, J.


We concur:


GILBERT, P. J.


TANGEMAN, J.

Henry J. Walsh, Judge
Superior Court County of Ventura

_____

Bradley/Grombacher, Marcus J. Bradley, Kiley L. Grombacher and Robert N. Fisher; Myers, Widders, Gibson, Jones & Feingold, Erik B. Feingold, for Plaintiffs and Appellants.

Arnold & Porter Kaye Scholer, Douglas A. Winthrop, Amy V. Endicott and Howard Cayne (pro hac vice application pending), for Defendant and Respondent.