Filed 12/13/24  Rodriguez v. City and County of San Francisco CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant and Respondent. | A168635 & A168802<br><br>(San Francisco County<br>Super. Ct. No. CGC21590280) |

Plaintiff and appellant Jose Rodriguez (appellant) appeals following the grant of summary judgment in favor of defendant and respondent City and County of San Francisco (respondent) and the denial of three postjudgment motions.[1]  We affirm.

BACKGROUND

In March 2021, appellant filed the present action against respondent, HealthRight 360 Foundation (HealthRight 360), and three individuals associated with HealthRight 360.  HealthRight 360 is a nonprofit organization that treats substance use disorders (SUD) and mental health problems.  Appellant alleges that he suffered a range of mistreatment and

---

[1] On July 1, 2024, this court consolidated appellant's two appeals, A168635 and A168802, for purposes of further briefing, oral argument, and decision.

loss of funds while in residential SUD treatment with HealthRight 360, and that respondent is responsible because it promoted HealthRight 360 and contracted with the organization to "deliver goods and services to people who suffer from SUD." Appellant's operative complaint alleges three causes of action against respondent for violation of the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.), fraud, and retaliation.[2]

In December 2022, respondent filed a motion for summary judgment. Appellant filed an opposition to the motion in February 2023, and respondent filed its reply later that month. The hearing on the motion was continued until May 17, in order "to allow [appellant] to conduct discovery that may lead to a triable issue of material fact whether [respondent] and HealthRight 360 et al[.] were in an agency relationship." Appellant's supplemental opposition was due by May 1; he filed his "Supplemental Opposition Brief . . . On Agency Relationship" on May 2. He also filed a request for judicial notice of news articles, web pages, and other items, as well as an attorney declaration with exhibits attached.

On May 4, 2023, appellant filed an "Addendum to Supplemental Brief on Agency Relationship," presenting additional arguments that HealthRight 360 was "[respondent's] agent." Appellant's counsel filed an "Addendum Declaration," attaching amended discovery responses from HealthRight 360. Respondent filed a reply arguing that appellant's opposition papers were "procedurally deficient because [appellant] failed to file a separate statement to introduce the pertinent facts he states in his memorandum of points and authorities and also failed to provide documents or affidavits to support those alleged facts." Respondent also argued the opposition papers "fail to present any argument or admissible evidence to

—————————————

[2] We need not address appellant's claims against the other defendants.

2

establish liability on [respondent] based on the actions of [HealthRight 360] or its employees."

The trial court continued the summary judgment hearing to June 21, 2023. On May 31, appellant filed a "Response to Defendant CCSF's Reply to Addendum Documents and Brief on Agency." He also filed a "Separate Statement of Additional Undisputed Material Facts." Finally, appellant filed yet another declaration with exhibits from his counsel, as well as another declaration of his own. On June 5, respondent filed an objection to the May 31 supplemental opposition papers.

On June 21, 2023, the trial court held a hearing on the motion for summary judgment and then took the matter under submission. The next day, the court adopted respondent's proposed order granting summary judgment. The court struck "[appellant's] unapproved additional opposition filed on May 31, 2023." The court held that respondent met its initial burden of showing the absence of an agency relationship and that appellant's opposition "fail[ed] to create a triable issue of material fact regarding the existence of an agency or employment relationship such that there can be vicarious liability against" respondent.

Respondent served notice of entry of judgment on July 5, 2023. That same day, appellant filed a motion for reconsideration, and, on July 20, he filed a motion for new trial and a motion for judgment notwithstanding the verdict.

On September 1, 2023, appellant appealed the grant of the summary judgment motion (A168635). The postjudgment motions were denied on September 19, and appellant filed a second appeal (A168802) challenging those rulings on October 2. Respondent filed a motion to dismiss the second

3

appeal, and, on July 1, 2024, this court entered an order deferring the ruling on the motion to dismiss and consolidating the appeals.

DISCUSSION

Appellant contends the trial court erred in striking his May 31, 2023 supplemental opposition papers, which he claims resulted in the grant of the summary judgment motion. He further contends the court erred in denying his postjudgment motions, which were also based on the court's purported error in striking the May 31 filings.[3]

Appellant's claim fails. Even assuming the trial court erred in striking the supplemental opposition,[4] appellant is required to show he was prejudiced thereby in order to obtain reversal. Article VI, section 13 of the California Constitution states, "No judgment shall be set aside, or new trial granted, in any cause, on the ground of . . . the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." That provision

---

[3] Any other bases to reverse the summary judgment and postjudgment rulings have been forfeited because appellant's briefs present no proper argument for reversal on any other ground. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

[4] Appellant argues his supplemental opposition was timely filed under Code of Civil Procedure section 437c, subdivision (b)(2), which states in relevant part, "An opposition to the motion shall be served and filed not less than 14 days preceding the noticed or continued date of hearing, unless the court for good cause orders otherwise." Respondent argues that statute did not permit appellant to file new opposition papers every time the hearing was continued.

"generally 'prohibits a reviewing court from setting aside a judgment due to trial court error unless it finds the error prejudicial.' " (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108.)[5] Appellant does not argue to the contrary.[6]

A defendant moving for summary judgment meets its burden of showing that a cause of action lacks merit if it proves that one or more elements of the cause of action cannot be established or that there is a complete defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) If a defendant has met that burden, the burden shifts to the plaintiff to show a triable issue of material fact exists. (*Ibid.*) Here, the trial court found respondent met its initial burden of showing it was not liable for HealthRight 360's alleged misconduct, and appellant has not challenged that finding on appeal. Thus, the burden shifted to appellant to show a triable issue on the question of agency, as he implicitly acknowledges in his briefing on appeal.

Appellant asserts that the stricken supplemental opposition papers contained "evidence support[ing] the identification of triable issues of material fact, specifically concerning [r]espondent's actual and ostensible agency control of its co-defendant HealthRight 360." Although that evidence is not described in appellant's argument, in the background section of his briefing he asserts, "[Respondent] made it seem to him like they have

---

[5] Given appellant's failure to make *any* showing of prejudice, we need not address the applicable standard of harmless error.

[6] We reject any suggestion that the trial court granted summary judgment *because* appellant's May 31, 2023 supplemental opposition was untimely or otherwise procedurally flawed. As noted previously, the court struck the supplemental opposition and then granted the motion *on the merits* based on respondent's showing and appellant's prior opposition papers.

5

oversight based on their years of relationship with [HealthRight 360]. This relationship includes, but is not limited to, [respondent's] promotion of [HealthRight 360], articles on both of their websites, photo ops with each other, press releases and [respondent's] conduct during [a]ppellant's stay at [HealthRight 360] that made him believe that [HealthRight 360] is its agent."

However, appellant fails entirely to explain how the evidence in the opposition papers showed an agency relationship under California law; indeed, appellant fails even to cite legal authority regarding the showing required to establish an agency relationship between respondent and HealthRight 360. (See *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record"]; see also *id.* at p. 287 ["we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt"]; *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910 ["[appellant] was required to convince us, by developing his arguments, stating the law, and calling out relevant portions of the record, that the trial court committed reversible error"].)

In its decision, the trial court cited *APSB Bancorp v. Thornton Grant* (1994) 26 Cal.App.4th 926, 932–933, for the factors relevant to the determination of the existence of an agency relationship. Appellant's briefs on appeal fail to cite *APSB Bancorp* or any other relevant authority on the agency issue.[7] The court's decision also referenced respondent's evidence

---

[7] Appellant cites to two statutes—Welfare and Institutions Code sections 5670 and 11325.8—that he claims show that the "county has actual and ostensible agency as a matter of law over the organizations it selects to provide services to the public under these facts." But he fails to explain how

6

negating the existence of an agency relationship, but appellant fails to address that evidence on appeal.

Therefore, the present case is not one in which the trial court granted "the drastic remedy of summary judgment in the face of a defense obvious to the court and to the moving party, because of a mere procedural failure." (*San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.* (2002) 102 Cal.App.4th 308, 316.) Because appellant has made no effort to show the trial court's ruling might have been different had the court considered the supplemental opposition papers, appellant has not shown he was prejudiced by any error in striking the filings. Neither has he shown prejudicial error in denial of the postjudgment motions, which were based on the same alleged error.[8]

## DISPOSITION

The trial court's judgment is affirmed. Respondent is awarded its costs on appeal.

---

the language of the statutes supports that assertion. Citing purported authority "without any discussion of [its] application to the present case results in forfeiture." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52; see also *Doe v. McLaughlin* (2022) 83 Cal.App.5th 640, 654 ["Although [appellant] cites to legal authority, he does not explain how that authority applies here. We therefore may disregard the point."].)

[8] This court previously deferred ruling on respondent's May 21, 2024 motion to dismiss appeal No. A168802. That motion is denied. This court construes the A168802 notice of appeal as an appeal from the underlying judgment and rejects respondent's arguments that the appeal is untimely. (See *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 22.) Respondent's August 13, 2024 request for judicial notice, relevant to the motion to dismiss, is granted.

SIMONS, Acting P.J.

We concur.

BURNS, J.
CHOU, J.

(A168635 & A168802)

8